UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK GONZALES, | CASE NO. 1:06-cv-1420-AWI-MJS (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS |
| v. | |
| MATTHEW L. CATE, et al., | (ECF No. 37) |
| Defendants. | THIRTY DAY OBJECTION DEADLINE |

# **FINDINGS AND RECOMMENDATIONS FOLLOWING SCREENING OF THIRD AMENDED COMPLAINT**

**I.    PROCEDURAL HISTORY**

On October 13, 2006, Plaintiff Frank Gonzales, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.[1] (ECF No. 1.) Plaintiff's original Complaint was dismissed on November 16, 2006 for failure to state a claim. (ECF No. 11.) Plaintiff was given leave to amend, and filed an Amended Complaint on December 4, 2006. (ECF No. 13.) The Court dismissed Plaintiff's Amended Complaint on May 2, 2008 for failure to state a claim. (ECF No. 22.) Plaintiff was again given leave to file an amended complaint, and Plaintiff's Second Amended Complaint was filed on July 29, 2008. (ECF No. 27.) The Court found that Plaintiff had set forth a

---

[1] This case originally had two plaintiffs, Frank Gonzales and Jason Saunders. The Court severed the two plaintiffs' claims and opened a separate action for Saunders. (ECF No. 7.) As such, Gonzales is the sole Plaintiff remaining in this case.

cognizable excessive force and deliberate indifference claim and it gave Plaintiff leave to amend if he wished to attempt to replead his remaining claims. (ECF No. 29.) Plaintiff filed his Third Amended Complaint on December 24, 2009, which is now the operative pleading in this case.[2]

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed

---

[2] The Court initially submitted this Findings and Recommendation on September 23, 2010. (ECF No. 49.) Plaintiff filed objections asking the Court for one more chance to amend his claims. (ECF No. 52.) The Court vacated its Findings and Recommendation and granted Plaintiff the opportunity to file an amended complaint. (ECF No. 53.) When Plaintiff missed the deadline for filing his amended complaint, the Court ordered him to either file an amended complaint by March 22, 2011 or the Court would resubmit this Findings and Recommendation. (ECF No. 54.) To date, the Court has not received an amended complaint. Accordingly, the Court is resubmitting its September 23, 2010 Findings and Recommendation recommending that Plaintiff be allowed to proceed on his First and Eighth Amendment claims against Defendants Lantz, Garrison, Nichols, Deathridge, and Govea, and on his First Amendment claim against Defendants Garza, Franco, Mays, Cate, Fernando, Marrujo, and Fuentes.

misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

### III. PLAINTIFF'S CLAIMS

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir.1987).

In his Third Amended Complaint, Plaintiff alleges that his Eighth Amendment rights were violated through the use of excessive force, the failure to provide adequate medical treatment, and adverse prison conditions. Plaintiff also alleges that his First Amendment rights were violated when he was retaliated against for filing grievances about prison officials and communicating with the media and public officials about an in-cell murder. Each of Plaintiff's claims will be addressed in turn below.

#### A. Excessive Force

Plaintiff alleges that Defendants Phillips, Lantz, Nichols, Govea, Deathriage, Sierra, Garrison, Milam, Roberts, and Clark violated his Eighth Amendment right to be free from excessive force during a cell extraction on September 30, 2005. (Third Am. Compl. 7, ECF No. 37.)

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citations omitted). For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically

to cause harm." Hudson, 503 U.S. at 7.  Although a *de minimis* use of force does not violate the Constitution, the malicious and sadistic use of force to cause harm always violates the Eighth Amendment, regardless of whether or not significant injury is evident. Id. at 9-10; Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

Plaintiff alleges that Defendants Phillips and Nichols attempted to remove Plaintiff and his cellmate, Jason Saunders, from their cell on September 30, 2005.  Plaintiff and Saunders requested the presence of a lieutenant before they would exit.  Defendants Lantz, Govea, Deathriage, Garrison, Milam, Roberts, and Clark responded to assist with the cell extraction.  Upon the arrival of the additional officers, Plaintiff removed the covering from his cell window and informed Defendants that he would cooperate and exit the cell without resistance if a lieutenant was present.  Instead of summoning a lieutenant, Defendants discontinued the power, water, and ventilation to Plaintiff's cell.  Defendant Sierra then opened the cell door.  Defendants Lantz, Garrison, and Nichols entered and sprayed Saunders and Plaintiff with three full canisters of pepper spray.  Defendants' deployment of the pepper spray required Plaintiff to be treated with oxygen. (Third Am. Compl. at 8.)

Taking the facts pled by Plaintiff as true, the Court finds that Plaintiff's allegation that Defendants Lantz, Garrison, and Nichols deployed three full cans of pepper spray states a claim for excessive force.

Plaintiff also alleges that, during his transport from administrative segregation, Defendants Deathriage, Garrison, and Govea kicked, stomped, and punched Plaintiff while he was handcuffed.  Plaintiff claims that he did nothing to provoke this attack and was not resisting when it occurred.  (Id. at 8-9.)  The Court finds that these allegations state a cognizable claim for excessive force against Defendants Deathriage, Garrison, and Govea.

Plaintiff does not allege that Phillips, Sierra, Milam, Roberts, or Clark personally participated in the deployment of the pepper spray or any other use of force.  The only allegations against them is that they were present and assisted with the cell extraction. Thus, the Court construes the claim against these bystanders as one for failure to

intervene. To state a claim for failure to intervene, Plaintiff must allege circumstances showing that these officers had an opportunity to intervene and prevent or curtail the violation (e.g., enough time to observe what was happening and intervene to stop it), but failed to do so. See Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995). The circumstances pled by Plaintiff do not meet this standard. He has failed to allege that any of the bystander Defendants were in a position to witness the use of force and the opportunity to intervene. Accordingly, Plaintiff has failed to state a claim against Defendants Phillips, Sierra, Milam, Roberts, and Clark.

### B.     Denial of Medical Care

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show: (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v.

-5-

County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

### 1. Failure to decontaminate

Plaintiff alleges that Defendants Scott, Spearman, Lantz, Govea, Milam, Clark, Deathriage, Garrison, Phillips, Nichols, and Roberts refused to allow him to be decontaminated after the pepper spray was deployed. Failure to decontaminate a prisoner after the use of pepper spray can sustain a claim for deliberate indifference. See Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002). As to the Defendants who deployed the pepper spray—Defendants Lantz, Garrison, and Nichols—and those that transported Plaintiff thereafter—Defendants Deathriage, Garrison, and Govea—Plaintiff's allegations state a claim for deliberate indifference to a serious medical need.

However, Plaintiff has failed to allege that the bystander Defendants knew that pepper spray had been used on Plaintiff or that they had any interaction with Plaintiff following the cell extraction. Without knowledge of a condition, a defendant cannot be deliberately indifferent. Farmer, 511 U.S. at 834. Accordingly, Plaintiff has failed to state an Eighth Amendment medical care claim against Defendants Scott, Spearman, Milam, Clark, Phillips, and Roberts.

### 2. Other injuries

Plaintiff also alleges that he suffered a cracked tooth, swollen knee, head trauma, blurred vision, painful migraines, bruised ribs, and shoulder and ear injuries as a result of the cell extraction and the abuse he suffered during his transport to administrative segregation. Plaintiff alleges that he did not receive medical care for these injuries for eleven days. Plaintiff generally states that Defendants Spearman, Yates, Scott, Beels, Dutra, Lantz, Gray, Piper, Parks, Hudson, Hudgins, Shannon, Voss, Mattingly, Carlson, and Myers were "informed and aware" of his medical condition and that they deliberately failed to summon medical attention for him. Plaintiff alleges that he "suffered further injuries, pain and wanton suffering as a result" of the delay in medical care. (Third Am. Compl. at 11.)

The Court finds that Plaintiff has failed to state a claim for denial of medical

treatment related to the injuries he received during the cell extraction and his subsequent transport. None of the named Defendants were allegedly involved in either deploying the pepper spray or transporting Plaintiff to administrative segregation. Plaintiff fails to allege facts showing how any of these Defendants knew about his injuries and were deliberately indifferent to his serious medical needs. His conclusory allegation that Defendants were "informed and aware" is insufficient to state a claim.

### C.  Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

A plaintiff asserting a retaliation claim must demonstrate a "but-for" causal nexus between the alleged retaliation and plaintiff's protected activity (i.e., filing a legal action). McDonald v. Hall, 610 F.2d 16, 18 (1st Cir. 1979); see Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274 (1977). The prisoner must submit evidence, either direct or circumstantial, to establish a link between the exercise of constitutional rights and the allegedly retaliatory action. Pratt, 65 F.3d at 806. Timing of the events surrounding the alleged retaliation may constitute circumstantial evidence of retaliatory intent. See Pratt, 65 F.3d at 808; Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1316 (9th Cir. 1989).

####   1.  Cell extraction

Prior to the September 30, 2005 cell extraction and use of force, Plaintiff and his cellmate, Jason Saunders, were investigating an in-cell murder that occurred on August 4, 2005. Plaintiff had compiled information related to the murder which was very critical

of KVSP staff and prison operations and had distributed that information to public officials and the media. Plaintiff alleges that the September 30, 2005 cell extraction and the force used therein was retaliation for his distribution of that information and that this violated his First Amendment rights. (Third Am. Compl. at 14.)

Plaintiff does not dispute that, on September 30, 2005, he and Saunders had their cell window covered prior to the extraction. "The plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains." Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). "[R]equiring an unobstructed view into an inmate's cell serves a legitimate penological interest." Foster v. Runnels, 554 F.3d 807, 813-14 (9th Cir. 2009). Thus, Plaintiff has failed to state a claim for retaliation related to the fact of the cell extraction itself.

However, the Court has already held that the amount of pepper spray used against Plaintiff during the cell extraction and the force used on him during the transport thereafter state a claim for excessive force. Although Plaintiff has not alleged that he was actually deterred from exercising his First Amendment rights, the Court finds that use of force such as that used against Plaintiff "would chill or silence a person of ordinary firmness from future First Amendment activities." Mendocino Environ. Ctr. v. Mendocino Cty., 192 F.3d 1283, 1300 (9th Cir. 1999). Thus, Plaintiff has stated a claim against Defendants Lantz, Garrison, Nichols, Deathridge, and Govea for retaliation arising out of the force used against him during the September 30, 2005 cell extraction and his transport to administrative segregation.

    2.  <u>Searches of Plaintiff's cell</u>

On September 6, 2005, Defendant Garza censored Saunders's outgoing legal mail. Saunders vowed to grieve this incident and Plaintiff vowed to serve as a supporting witness in that grievance. On September 14, 2005, Garza, Franco and Mays searched Plaintiff's cell and seized a large portion of his belongings. On September 21, 2005, Plaintiff's cell was searched again, this time by Cate, Fernando, Marrujo and Fuentes. Plaintiff's legal papers, photos, and letters were seized. Plaintiff alleges that these searches were

-8-

performed in retaliation for Plaintiff's communications with public officials and the media about the in-cell murder. Plaintiff claims that these searches resulted in him being unable to grieve a number of wrongs and also unable to prosecute at least one court action.

The Court finds that Plaintiff has stated a retaliation claim against Defendants Garza, Franco and Mays related to the September 14, 2005 search of Plaintiff's cell. The Court also finds that Plaintiff has stated a claim against Defendants Cate, Fernando, Marrujo and Fuentes for the September 21, 2005 search of Plaintiff's cell. Plaintiff's allegations against the other Defendants related to these incidents are too vague and conclusory to state a claim.

### 3. Grievances

Plaintiff also alleges that he filed grievances related to the retaliatory cell searches and seizures of his property with Defendants Yates, Beels, Fisher, Mattingly, Scott, Foreman, Carlson, Defrance, Watson, Lantz, Franco, Garza, Voss, Hudson, Shannon, Parks, and Does 1 through 10. He claims that all of his grievances were either destroyed or the assigned agent refused to process them. Plaintiff alleges that such refusal was in retaliation for his exercise of his First Amendment rights and that there was no penological interest.

The Court finds that Plaintiff's claims related to his grievances being destroyed and/or not processed do not state a claim for retaliation. Plaintiff has failed to provide any details about when such grievances were filed, how they were filed, or to which particular Defendant a grievance was addressed. Plaintiff's allegations are vague and conclusory and, as such, do not state a claim.

### 4. Disciplinary charges

Plaintiff makes reference to false disciplinary charges that were filed against him by Defendants Lantz, Govea, Defrance, Sierra, Garrison, Milam, Roberts, and Clark. However, Plaintiff does not specify when these charges were filed or what resulted from the charges or provide any details as what role the named Defendants played in the filing of the false charges. These vague and conclusory allegations are insufficient to state a

claim for retaliation.

### D. Prison Conditions

Plaintiff alleges that his Eighth Amendment rights were violated by the conditions in the prison, specifically the slick concrete floor in the shower and the sewer water pooling thereon. (Third Am. Compl. at 12.) Plaintiff claims that Defendants Foreman, Hudgins, and Adame knew of the dangerous conditions and deliberately disregarded them when the Defendants took Plaintiff into the shower while handcuffed. Plaintiff fell in a pool of water on the floor and injured himself. (Id.)

Prison conditions are subject to scrutiny under the Eighth Amendment. Helling v. McKinney, 509 U.S. 25, 32 (1993). A plaintiff must make two showings when challenging the conditions of confinement. First, "the plaintiff must make an 'objective' showing that the deprivation was 'sufficiently serious' to form the basis for an Eighth Amendment violation." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Only those "deprivations denying the minimal civilized measure of life's necessities" are sufficiently grave to form the basis of an Eighth Amendment violation. Lewis, 217 F.3d at 731. The Court considers the circumstances, nature, and duration of a deprivation to determine whether a constitutional violation occurred. Id. Second, a plaintiff must make a subjective showing that the prison official acted "with a sufficiently culpable state of mind." Id. A plaintiff must allege that the defendant "knows of and disregarded an excessive risk to inmate health or safety." Id. at 733.

Plaintiff has failed to state a claim for an unconstitutional prison conditions. Water pooling on a concrete floor in a shower area is not sufficiently serious so as to deprive a prisoner of the "minimal civilized measure of life's necessities." While Plaintiff's fall and subsequent injuries were unfortunate, they do not constitute a constitutional violation.

### IV. CONCLUSION AND ORDER

Plaintiff's Third Amended Complaint sets forth cognizable claims against Defendants Lantz, Garrison, Nichols, Deathridge, and Govea for violating the Eighth Amendment through the use of excessive force and the failure to provide medical attention

-10-

1  after pepper spray was deployed, as well as violating his First Amendment right by
2  retaliating against him for filing grievances and contacting public officials.  The Third
3  Amended Complaint also sets forth cognizable claims against Defendants Garza, Franco,
4  Mays, Cate, Fernando, Marrujo, and Fuentes for violating Plaintiff's First Amendment rights
5  by engaging in retaliatory cell searches.  There are no other cognizable claims in the Third
6  Amended Complaint.  Because Plaintiff was previously notified of the deficiencies and
7  given leave to amend, the Court recommends that the non-cognizable claims be
8  dismissed, with prejudice.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

9      Accordingly, it is HEREBY RECOMMENDED that:

10      1.  This action proceed on Plaintiff's Third Amended Complaint, filed December
11  24, 2009, against Defendants Lantz, Garrison, Nichols, Deathridge, and Govea for violation
12  of the First and Eighth Amendments and against Defendants Garza, Franco, Mays, Cate,
13  Fernando, Marrujo, and Fuentes for violating the First Amendment;

14      2.  All other claims be dismissed with prejudice for failure to state a claim under
15  section 1983; and

16      3.  All other Defendants be dismissed with prejudice based on Plaintiff's failure
17  to state any claims against them.

18  These Findings and Recommendations will be submitted to the United States
19  District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).
20  Within thirty (30) days after being served with these Findings and Recommendations,
21  Plaintiff may file written objections to the Court.  The document should be captioned
22  "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised
23  that failure to file objections within the specfied time may waive the right to appeal the
24  District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

26  IT IS SO ORDERED.

27  Dated:  April 4, 2011          /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE