# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK GONZALES, | 1:06-cv-001420-AWI-MJS (PC) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATION FOR DISMISSAL OF PLAINTIFF'S COMPLAINT |
| MATTHEW L. CATE, et al. | |
| Defendants. | OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS |

Plaintiff Frank Gonzales ("Plaintiff") is a former prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff initiated this action on October 13, 2006. (ECF No. 1.) On August 31, 2011, the Court's August 22, 2011 Order forwarding service documents to Plaintiff was returned by the U.S. Postal Service as undeliverable to Plaintiff. Over 63 days have passed and Plaintiff has not provided the Court with a new address or otherwise responded.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v.

1  Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with
2  prejudice, based on a party's failure to prosecute an action, failure to obey a court
3  order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-
4  54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963
5  F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order
6  requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir.
7  1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep
8  court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir.
9  1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d
10 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with
11 local rules).

12        In determining whether to dismiss an action for lack of prosecution, failure to
13 obey a Court order, or failure to comply with local rules, the Court must consider several
14 factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's
15 need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public
16 policy favoring disposition of cases on their merits; and (5) the availability of less drastic
17 alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone,
18 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

19        In the instant case, the Court finds that the public's interest in expeditiously
20 resolving this litigation and the Court's interest in managing the docket weigh in favor of
21 dismissal.  The third factor, risk of prejudice to the defendant, also weighs in favor of
22 dismissal, since a presumption of injury arises from the occurrence of unreasonable
23 delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir.
24 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is
25 greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a
26 court's warning to a party that his failure to obey the court's order will result in dismissal
27 satisfies the "consideration of alternatives" requirement.  Ferdik v. Bonzelet, 963 F.2d at
28 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424

1   Accordingly, it is **RECOMMENDED** that in the event that Plaintiff does not notify
2 the Court in writing of his address to which mail be sent within **fourteen (14) days** of
3 entry of this Order, this matter be **DISMISSED by the District Judge**.

4   These Findings and Recommendation are submitted to the United States District
5 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).
6 Within fourteen days after being served with these findings and recommendations, any
7 party may file written objections with the court and serve a copy on all parties.  Such a
8 document should be captioned "Objections to Magistrate Judge's Findings and
9 Recommendations."  Any reply to the objections shall be served and filed within ten
10 days after service of the objections.  The parties are advised that failure to file
11 objections within the specified time may waive the right to appeal the District Court's
12 order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

15 IT IS SO ORDERED.

16 Dated:     November 22, 2011         /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE