UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK GONZALES,<br><br>            Plaintiff,<br><br>    v.<br><br>MATTHEW L. CATE, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:06-cv-01420-AWI-MJS (PC)<br><br>ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE<br><br>FOURTEEN (14) DAY DEADLINE |

Plaintiff Frank Gonzales, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 13, 2006. (ECF No. 1.) This action is proceeding on Plaintiff's Third Amended Complaint filed December 24, 2009, against Defendants Lantz, Garrison, Nichols, Deathriage, and Govea for violating the First and Eight Amendments and against Defendants Garza, Franco, Mayes, Cate, Fernando, Marrujo, and Fuentes for violating the First Amendment. (ECF No. 62.) On July 31, 2012, Court mail sent to Plaintiff was returned as undeliverable.

Local Rule 183(b) provides that "[a] party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address [and if] mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action

without prejudice for failure to prosecute."

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

Accordingly, it is HEREBY ORDERED THAT:

1. By not later than fourteen (14) days following service of this order, Plaintiff shall either file a current address or show cause as to why his case should not be dismissed for failure to prosecute.
2. Failure to comply with the order will result in dismissal of this action.
3. The Court Clerk is directed to serve this order on Plaintiff at the following addresses:

Frank Gonzales
c/o C.M. Moore
35 Bonito Way
Oak Harbor, WA 98277

Frank Gonzales
T-50479
Wasco State Prison
P.O. Box 5500
Wasco, CA 93280-5500

IT IS SO ORDERED.

Dated:   October 5, 2012         /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE