# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK GONZALES, | CASE No. 1:06-cv-01420-AWI-MJS (PC) |
| Plaintiff, | ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE |
| v. | |
| MATTHEW L. CATE, et al., | ECF No. 90 |
| Defendants. | CLERK TO CLOSE CASE |

Plaintiff Frank Gonzales, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 13, 2006. (Compl., ECF No. 1.) The action proceeds on Plaintiff's December 24, 2009 Third Amended Complaint (Third Am. Compl., ECF No. 37) against Defendants Lantz, Garrison, Nichols, Deathriage, and Govea for First and Eighth Amendment violations and against Defendants Garza, Franco, Mayes, Cate, Fernando, Marrujo, and Fuentes for a First Amendment violation. (Order for Service, ECF No. 62.)

On July 31, 2012, Court mail sent to Plaintiff was returned as undeliverable. On October 9, 2012, the Court issued an order that, by not later than October 26, 2012,

1

1  Plaintiff either file a current address or show cause why his case should not be dismissed
2  for failure to prosecute. (Order to Show Cause, ECF No. 90.) Plaintiff was advised that
3  failure to comply with the Court's October 9, 2012 Order would result in dismissal of this
4  action. (Id.)

5        The October 26, 2012 deadline has passed without Plaintiff having filed a current
6  address or otherwise having responded to the October 9, 2012 Order.

7        Local Rule 183(b) provides that "[a] party appearing in propria persona shall keep
8  the Court and opposing parties advised as to his or her current address [and if] mail
9  directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service,
10 and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days
11 thereafter of a current address, the Court may dismiss the action without prejudice for
12 failure to prosecute."

13       Local Rule 110 provides that "failure of counsel or of a party to comply with these
14 Rules or with any order of the Court may be grounds for imposition by the Court of any and
15 all sanctions . . . within the inherent power of the Court." District courts have the inherent
16 power to control their dockets and "in the exercise of that power, they may impose
17 sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing
18 Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's
19 failure to prosecute an action, failure to obey a court order, or failure to comply with local
20 rules. See e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for
21 noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)
22 (dismissal for failure to comply with an order requiring amendment of complaint);
23 Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of
24 prosecution and failure to comply with local rules).

25       Accordingly, it is HEREBY ORDERED THAT:
26     1.    This action is DISMISSED without prejudice for failure to prosecute,
27     2.    The Clerk of the Court shall terminate all pending motions and close the file,
28         and,

3. The Court Clerk is directed to serve this order on Plaintiff at the following addresses:

| | |
|---|---|
| Frank Gonzales<br>c/o C.M. Moore<br>35 Bonito Way<br>Oak Harbor, WA 98277 | Frank Gonzales<br>T-50479<br>Wasco State Prison<br>P.O. Box 5500<br>Wasco, CA 93280-5500 |

IT IS SO ORDERED.

Dated:  October 31, 2012            /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE