1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT FOR THE

8

EASTERN DISTRICT OF CALIFORNIA

9

10   FRANK GONZALES,                    CASE No. 1:06-cv-01420-AWI-MJS (PC)

11                                      ORDER DENYING WITHOUT
                  Plaintiff,           PREJUDICE PLAINTIFF'S  MOTION
12                                      FOR (1) INSPECTION AND TESTING
         vs.                            AT PLEASANT VALLEY STATE
13                                      PRISON, and (2) A  FORTY-FIVE DAY
                                        EXTENSION OF DISCOVERY AND
14   MATTHEW L. CATE, et al.,           DISPOSITIVE MOTION DEADLINES

15                                      (ECF No. 109)
                  Defendants.
16

17   _____/

18        Plaintiff Frank Gonzales, a state prisoner proceeding pro se and in forma

19   pauperis, filed this civil rights action on October 13, 2006 pursuant to 42 U.S.C. §

20   1983. (ECF No. 1.) The matter proceeds on Plaintiff's third amended complaint (ECF

21   No. 37) against Defendants Lantz, Garrison, Nichols, Deathriage, and Govea for First

22   and Eighth Amendment violations and against Defendants Garza, Franco, Mayes,

23   Cate, Fernando, Marrujo, and Fuentes for a First Amendment violation. (ECF No. 62.)

24        Pending before the Court is Plaintiff's motion for an order directing the Pleasant

25   Valley State Prison ("PVSP") warden to permit inspection and testing of premises by

26   Plaintiff's agent Crystal M. Moore and for a forty-five day extension of the current

27   discovery and dispositive motion deadlines. (ECF No. 109.) Defendants have

28                                      -1-

responded to the motion.[1] (ECF No. 113.) No reply has been filed. The motion is ready for ruling. Local Rule 230(*l*).

Plaintiff's motion is denied.

Planitiff may not seek inspection and testing of premises other than pursuant to Rule 34 (production/inspection request) or Rule 45 (subpoena) of the Federal Rules of Civil Procedure. Nothing before the Court suggests Plaintiff has sought inspection and testing pursuant to Rules 34 or 45.[2] He does not, for that matter, suggest what or where he wants inspected, how it should be inspected, or why any such inspection could be relevant to the retaliation, excessive force and medical indifference claims in issue in this action. Nor does he explain why Ms. Moore is qualified to conduct the inspection.

Plaintiff also fails to demonstrate good cause, or any reason, for extending the current July 15, 2013 discovery deadline or September 23, 2013 dispositive motion deadline.

////////
////////
////////
////////
////////
////////
////////
////////
////////
////////

[1] Defendants' response is untimely, Local Rule 230(*l*), and has not been considered in this ruling.

[2] Plaintiff's Motion references, but fails to include or attach, a proposed future civil subpoena.

Accordingly, for the reasons stated, it is HEREBY ORDERED that Plaintiff's motion seeking an order directing the PVSP warden to permit inspection and testing of premises by Crystal M. Moore and an order for a forty-five day extension of the current discovery and dispositive motion deadlines (ECF No. 109) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   July 16, 2013                    /s/  *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE

-3-