# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK GONZALES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MATTHEW L. CATE, et al.,<br><br>　　　　　Defendants. | Case No. 1:06-cv-01420-AWI-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE**<br><br>**(ECF No. 127)**<br><br>**FOURTEEN (14) DAY DEADLINE** |

　　　　Plaintiff Frank Gonzales, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. The matter proceeds against Defendants Lantz, Garrison, Nichols, Deathriage, and Govea for First and Eighth Amendment violations and against Defendants Garza, Franco, Mayes, Cate, Fernando, Marrujo, and Fuentes for a First Amendment violation.

　　　　Defendants Cate, Fernando and Marrujo filed a motion for summary judgment on September 19, 2013 (ECF No. 117). Plaintiff was required to file an opposition or a statement of non-opposition by not later than October 10, 2013. Local Rule 230(*l*). The October 10, 2013 deadline passed without Plaintiff responding or seeking an extension of time to do so.

　　　　Defendants Franco, Deathriage, Garrison, May, Govea, Fuentes, Nichols, and Lantz

1

1  filed a motion for summary judgment on September 23, 2013 (ECF No. 118). Plaintiff was
2  required to file an opposition or a statement of non-opposition by not later than October 15,
3  2013. Local Rule 230(*l*). The October 15, 2013 deadline passed without Plaintiff responding
4  or seeking an extension of time to do so.

5  On October 30, 2013, Plaintiff was ordered to file opposition or statement of non-
6  opposition to Defendants' motions by not later than November 25, 2013. (ECF No. 122.) On
7  November 15, 2013, the Court granted Plaintiff request and extended through December
8  19, 2013, the deadline to respond to Defendants' motions. (ECF No. 127.)

9  The December 19, 2013 deadline has passed without Plaintiff responding or seeking
10 further extension of time to do so. Plaintiff has not obeyed the November 15, 2013 order.

11 Local Rule 110 provides that "failure of counsel or of a party to comply with these
12 Rules or with any order of the Court may be grounds for imposition by the Court of any and
13 all sanctions . . . within the inherent power of the Court." District courts have the inherent
14 power to control their dockets and "in the exercise of that power, they may impose
15 sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing
16 Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice,
17 based on a party's failure to prosecute, failure to obey a court order, or failure to comply
18 with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal
19 for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir.
20 1992) (dismissal for failure to comply with an order requiring amendment of a complaint);
21 Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with
22 local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S.
23 Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a
24 court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack
25 of prosecution and failure to comply with local rules).

26 In determining whether to dismiss an action for lack of prosecution, failure to obey a
27 court order, or failure to comply with local rules, the Court must consider several factors: (1)
28 the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its

1  docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition
2  of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782
3  F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at
4  1260-61; Ghazali, 46 F.3d at 53.
5        In the instant case, the public's interest in expeditiously resolving this litigation and
6  the Court's interest in managing its docket weigh in favor of dismissal. The third factor, risk
7  of prejudice to Defendant, also weighs in favor of dismissal, since a presumption of injury
8  arises from the occurrence of unreasonable delay in prosecuting this action which arose
9  over seven years ago. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth
10 factor - public policy favoring disposition of cases on their merits - is greatly outweighed by
11 the factors in favor of dismissal discussed herein. Finally, as for the availability of lesser
12 sanctions, at this stage in the proceedings there is little available which would constitute a
13 satisfactory lesser sanction while preserving scarce Court resources. Plaintiff has not paid
14 the filing fee for this action and is likely unable to pay, making monetary sanctions of little
15 use.
16       Plaintiff has failed to oppose Defendants' motions for summary judgment
17 notwithstanding repeated extensions of time to do so. It is reasonable to conclude Plaintiff
18 is unable to make an evidentiary showing in opposition. See Fed. R. Civ. P. 56(e)(4); Local
19 Rule 230(*l*). Plaintiff was warned that a failure to file opposition or statement of non-
20 opposition by the deadline may result in the action being dismissed with prejudice. (ECF
21 No. 122 at 2:14-19.)
22       Having balanced  all relevant factors, the undersigned finds they weigh in favor of
23 dismissal and accordingly HEREBY RECOMMENDS that this action be DISMISSED WITH
24 PREJUDICE based on Plaintiff's failure to obey the Court's order and failure to prosecute.
25       These findings and recommendations will be submitted to the United States District
26 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within
27 fourteen (14) days after being served with these findings and recommendations, the parties
28 may file written objections with the Court. The document should be captioned "Objections

to Magistrate Judge's Findings and Recommendations." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   December 31, 2013             /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE